IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| In re the Marriage of:<br><br>JACKIE LEE DALY (f/k/a Jackie L. Riley),<br><br>Petitioner,<br><br>And<br><br>SCOTT M. RILEY,<br><br>Respondent. | No.  46577-9-II<br>(Consolidated w/ No. 46637-6-II)<br><br><br>UNPUBLISHED OPINION |

BJORGEN, A.C.J. — Scott Michael Riley appeals from orders denying his motions to restrain relocation and to find adequate cause to modify the parenting plan as to his children.  We affirm the order denying the motion to restrain relocation but reverse the order denying adequate cause and remand for further proceedings.

In 2004, the King County Superior Court entered a final parenting plan between Jackie Daly and Riley as to their two children.  Under the terms of that plan, the children would reside primarily with Daly and would reside with Riley every other weekend and alternating holidays. The plan also provided for joint decision making as to education decisions regarding the children. On September 11, 2008, however, a King County Superior Court Commissioner entered a Stipulation and Agreed Order Suspending Residential Time, which provided that "Riley's residential time with his children . . . shall be suspended until further Order of this Court, or until deemed appropriate by [Riley's] court-ordered therapist and the children's therapist(s)."  Clerk's

Papers (CP) at 159-60. In 2010, Riley brought a motion to terminate that order. On April 12, 2010, a different King County Superior Court Commissioner entered an order stating:

> THE ABOVE-ENTITLED COURT, HAVING HEARD A MOTION to Terminate Order Suspending Residential Time brought by [Riley].
> IT IS HEREBY ORDERED that the motion is denied. The Court finds that the Order Suspending Residential Time can be terminated in two different ways, neither of which have been met here. First, [Riley] could bring a Petition to Modify. To establish adequate cause, he would have to meet the statutory criteria and may complete[] another sexual deviancy evaluation, including a pleismograph [sic], showing that he does not pose a risk to his children.
> Secondly, in the alternative, [Riley's] court ordered therapist could opine that he does not present a risk to his children and the children's therapist recommend that [sic] resuming his residential time with his children.

CP at 272. Riley did not move to revise this order.

On May 13, 2014, upon discovering that his son was residing with his maternal grandfather in Colorado and was attending school there, Riley filed a motion in Pierce County Superior Court for modification of the parenting plan, a motion for contempt, an objection to relocation and a motion to restrain relocation. The court commissioner entered an order ruling:

> (1) that the father's motion is denied, (2) that the father's objection to relocation is dismissed, . . . (3) the court finds that under the current orders, the mother has sole-decision making regarding the parties' children based on current restrictions; and (4) the Order to Show Cause re: Contempt and the father's Motion for Temporary Orders based on those same facts are stricken.

CP at 182.

Riley moved to modify that order. The judge denied the motion for revision, ruling that:

> The Relocation Statute 430 says that except as in 460 a parent intending to relocate a child shall notify every other party entitled to residential time. It's my understanding that you have no residential time with your son and the King County orders haven't been vacated or modified. So, in this case, Mr. Riley, you don't get notice, because the statute doesn't apply to you. I'm denying your motion for revision.

2

Narrative Report of Proceedings (NRP) (Jun. 13, 2014) at 11-12. Riley's subsequent motion for reconsideration was denied.

On June 26, 2014, Riley filed a motion in Pierce County Superior Court for a finding of adequate cause to modify the parenting plan, asserting that there had been substantial changes in circumstances, including interference with his access to the children, his son's relocation to Colorado without notice to him, emergency incidents about which he had not been informed and various acts by Daly. On July 9, 2014, a different commissioner denied his motion, finding that adequate cause for hearing a petition to modify the parenting plan had not been established. The commissioner also found that "Riley has not met the requirements of the Order on Family Law Motion entered in King County Superior Court . . . on April 12, 2010." CP at 298.

Riley moved to revise the commissioner's order of July 9, 2014. On August 8, 2014, the same judge denied his motion to revise, noting that under RCW 29.09.260(7), a parent who is subject to limitations on residential time under RCW 26.09.191(2) or (3), may not seek expansion of residential time unless that parent demonstrates a substantial change in circumstances. When Riley remonstrated that there were no limitations imposed under RCW 26.09.191(2) or (3), the trial court concluded that such limitations were "implied" by the 2008 and 2010 King County Superior Court orders. NRP (Aug. 8, 2014) at 8.

On appeal, Riley argues first that the trial court erred in denying his motion of May 13, 2014 to restrain the relocation of his son.[1] He contends that absent restrictions imposed under RCW 26.09.191(2) or (3), he is entitled to notice of intended relocation and to the opportunity to

---

[1] As to both motions, Riley assigns error to the orders of the commissioners. However, we review only the orders of the judge following a motion to revise. *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004).

3

object to it. He further contends that absent termination of his parental rights as to his children, he was entitled to notice of intended relocation and to the opportunity to object to it. We disagree.

RCW 26.09.430 states:

> Except as provided in RCW 26.09.460, a person with whom the child resides a majority of time shall notify every other person entitled to residential time or visitation with the child under a court order if the person intends to relocate.

The 2008 and 2010 orders from King County Superior Court suspend Riley's residential time with the children, and those orders are still in effect. Because Riley's residential time was suspended, RCW 26.09.430 did not require that he be given notice of the relocation of his son. Nothing in RCW 26.09.460 or RCW 26.09.191 requires such notice. Because the applicable statutes did not entitle Riley to notice of relocation of his son, they cannot be read to entitle him to object to that relocation. Therefore, Riley does not demonstrate that the trial court erred in denying his motion to restrain relocation and in denying his objection to relocation. In addition, because his motions for contempt and for modification of the parenting plan rested upon that objection to relocation, the trial court did not err in striking them.

Second, Riley argues that the trial court erred in denying his motion for adequate cause because he was not subject to limitations on residential time imposed under RCW 26.09.191(2) or (3). We agree that the trial court erred in not considering the merits of his motion for adequate cause.

Under RCW 26.09.260(7),

> [a] parent with whom the child does not reside a majority of the time and whose residential time with the child is subject to limitations pursuant to RCW 26.09.191(2) or (3) may not seek expansion of residential time under subsection (5)(c) of this section unless the parent demonstrates a substantial change in circumstances specifically related to the basis for the limitation.

Limitations on residential time under RCW 26.09.191(2) or (3) require findings of harmful or illegal conduct by the parent or findings that the parent's conduct may have an adverse effect on the child's best interests. Neither the 2004 parenting plan, the 2008 order, nor the 2010 order contain such findings. There is no authority for "implying" such findings based on a stipulated order suspending residential time. Therefore, the trial court erred in denying Riley's motion for adequate cause based on RCW 26.09.260(7). Riley is entitled to have his motion for adequate cause considered on the merits.

The order denying Riley's motion to restrain the relocation of his son is affirmed. The order denying his motion for adequate cause is reversed, and that motion is remanded to the trial court for further proceedings. Daly's request for attorney fees on appeal is denied.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, A.C.J.

We concur:

Worswick, J.

Maxa, J.